IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| MICHAEL S. FROST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:13-0076 |
| ) | Chief Judge Haynes |
| JIM BROWN, JAMIE MAHAR, ) | |
| DANIEL KELLUM, JOSH MARKS, and ) | |
| CAMERON CHATMAN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff, Michael S. Frost, a state inmate at the Perry County Jail in Linden, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 (Docket Entry No. 1), but only after filing did he subsequently sign his complaint. (Docket Entry No. 7). The Court granted the Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act ("PLRA"), the Court must dismiss any *in forma pauperis* or prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).

### A. Analysis of the Complaint

Plaintiff alleges that the Defendants: Lawrence County Sheriff Jim Brown, Sgt. Jamie Mahar, Lt. Daniel Kellum, and Corrections Officers Josh Marks and Cameron Chatman, as well as the Lawrence County Sheriff's Department violated his rights during his confinement at the Lawrence

County Jail. According to his complaint, Plaintiff while he was housed at the Lawrence County Jail "Statement of Facts" is as follows:

> (1) discrimination by officers
> (2) No medical or access to dental
> (3) No access to legal material
> (4) Unsafe living conditions
> (5) Unsanitary living conditions
> (6) Over crowding
> (7) Too many state inmates sleeping on the floor
> (8) Lack of nutrition (fresh fruit, vegetables, juice)
> (9) No outside reck is available
> (10) No commissary

(Docket Entry No. 1, at 5 (some spelling errors corrected).)

Plaintiff seeks injunctive relief as well as "some sort of cash settlement" for his "pain and suffering." Id.

## B. Conclusions of Law

For this PLRA review, the dismissal standard in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). To survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

For a Section 1983 claim, Plaintiff must allege facts that a person acting under color of law deprived him of any right, privilege or immunity secured by the Constitution or federal laws. Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003).

As to Plaintiff's claim for injunctive relief, Plaintiff's subsequent transfer to the Perry County Jail renders his claim about the Lawrence County Jail moot. See Dellis v. Corrs. Corp. of Am., 257 F.3d 508, 510 n.1 (6th Cir. 2001) (plaintiff's claims for injunctive and declaratory relief moot because where plaintiff was no longer incarcerated at the facility that is the subject of claim for equitable relief).

As to Plaintiff's damages claims, Plaintiff's allegations do not allow the Court to draw a reasonable inference that any particular defendant is liable for any particular act or condition of confinement alleged by Plaintiff in his complaint. For his damages claim, Plaintiff does not allege that he slept on the floor or was denied medical care or inadequate food. Plaintiff does not allege any actual injury nor that the Defendants deliberately acted to impose these conditions. Absent some allegations, Plaintiff's complaint lacks "sufficient factual matter . . . to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Thus, the Court concludes that Plaintiff's complaint lacks the "facial plausibility" for a damages claim.

Accordingly, the Court concludes Plaintiff's complaint fails to state a claim for relief and must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order is filed herewith.

ENTERED this the 27 day of September, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court