IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| MICHAEL S. FROST, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No. 1:13-0076 |
| JIM BROWN, JAMIE MAHAR, DANIEL KELLUM, JOSH MARKS, and CAMERON CHATMAN, | ) Chief Judge Haynes ) ) ) ) |
| Defendants. | ) |

## ORDER

Plaintiff, Michael S. Frost, filed this *pro se* action under 42 U.S.C. § 1983 against Defendants Jim Brown, Jamie Mahar, Daniel Kellum, Josh Marks, and Cameron Chatman (Docket Entry No. 1). Plaintiff also filed his application to proceed *in forma pauperis* (Docket Entry No. 2). After being directed to do so, Plaintiff returned his signed complaint to the Court, and explained the absence of a prison trust-account statement. (*See* Docket Entry No. 7). Because it is apparent from Plaintiff's submissions that he lacks sufficient funds from which to pay the full filing fee in advance, Plaintiff's application to proceed as a pauper (ECF No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee.[1] The Administrator of the Perry County Jail, where Plaintiff is now

---

[1] Effective May 1, 2013, the Judicial Conference of the United States established a $50 administrative fee for filing a civil action in a United States District Court, as a result of which the fee for filing a new civil case increased from $350 to $400 ($350 filing fee + $50 administrative fee). The $50 administrative fee, however, does not apply to cases filed by *pro se* prisoner plaintiffs who have been provisionally granted permission to proceed *in forma pauperis* under 28 U.S.C. § 1915.

housed, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when Plaintiff's monthly income exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the Administrator of the Perry County Jail to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the Administrator must ensure that a copy of this order follows Plaintiff to his new place of confinement, for continued compliance herewith. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

As set forth in the accompanying Memorandum, the Court finds that Plaintiff's complaint fails to allege sufficient factual content to state a claim for relief that is plausible on its face. For that reason, Plaintiff's complaint is hereby **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted.

For purposes of analysis under 28 U.S.C. § 1915(g) of future causes of action, if any, filed by Plaintiff, the dismissal of this action constitutes a "strike" under § 1915(g), which shall take effect, without further action by the Court, upon expiration of the time for filing a notice of

appeal, the dismissal of any appeal, or the affirmation of the district court's ruling on appeal, whichever is later.

It is so **ORDERED**.

ENTERED this the 27th day of September, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court